W. H. MORROW, Executor, *v.* SARAH A. MORROW and
others.

## October Term, 1877.

DOWER UNDER THE CODE, SEC. 2404, SUBSEC. 1. — A widow who has not.
dissented from her husband's will, making provision for her, within the
time prescribed by law, cannot claim dower under the Code, sec. 2404,
subsec. 1, as if she had dissented, unless she can show that she was pre--
vented from dissenting by fraud.

DOWER UNDER THE CODE, SEC. 2404, SUBSEC. 2. — Where a provision in,
personal estate is made for the widow, by the husband's will, whether it be
exclusively of personalty or be coupled with a provision in real estate also,
and the whole of the husband's property, including the bequest, is taken
for the payment of the husband's debts, the widow may sue for dower
under the Code, sec. 2404, subsec. 2.

*East*, for the widow.
*Bradford*, for the creditors.

THE CHANCELLOR: — On September 10, 1871, John
Morrow departed this life, testate, leaving a widow, the de-
fendant Sarah A. Morrow, and several children, the com--
plainant being one of them and the executor of his will.
His will is substantially given in *Morrow* v. *Morrow*, 2
Tenn. Ch. 550. By the third item of the will, he directs.
his home-place to be sold, and the proceeds to be used in
furnishing a home and support for his wife during life, and
his minor children during minority, and a reasonable sup--
port for two daughters named, until married. By the
fourth item, he provided that his two sons, William H.
and John Morrow, should continue the business he was.
engaged in, the balance of profits, after paying salaries and
necessary expenses; to go into the fund to be used in the
way provided in the third item. He directed that all the
property he might die possessed of should stand responsi-
ble for the debts incurred in carrying on the business pro-
vided for in the will. The executor, W. H. Morrow, qual-
ified on September 28, 1871, and undertook, with his.

brother, John Morrow, to carry on the business as directed. On November 5, 1874, the executor suggested the insolvency of the estate, and on the next day filed the original bill in this cause, to transfer the administration into this court. On October 25, 1875, Sarah A. Morrow, the widow, filed her cross-bill, to have dower allotted to her in the realty as if she had dissented from her husband's will within the time prescribed by law, namely, within one year from the date of the probate of the will. The equity of the bill is rested on the concealment from the complainant, by the executor, of the true condition of the estate, there being an express averment that the complainant " does not charge that the executor practised an intended fraud upon her in fact." Her own proof is, that she did not apply to the executor, within the year, to know the condition of the estate, " because," she says, " I thought it was all right; it was in the hands of my own children, and I never doubted that it was all right." The executor proves that he had doubts as to the solvency of the estate, which he did not communicate to his mother. He made only verbal statements of the condition of the estate to her, and does not remember what he did state. " I did not," he says, " for more than a year after my father's death, communicate to my mother the insolvency of the estate."

The Code, sec. 2404, reads as follows : " A widow may dissent from her husband's will, 1. Where a satisfactory provision in real or personal estate is not made for her ; in which case she shall signify her dissent in open court, within one year after the probate of the will. 2. Where a provision in personal estate is made for her, but the whole of the husband's property, including the bequest, is taken for the payment of his debts ; in which case, without any formal dissent, she may sue for her dower. And in both cases she shall be endowed as if her husband had died intestate."

The first provision of this section has been considered

and construed by our Supreme Court in *Smart* v. *Water-house*, 10 Yerg. 94, *McDaniel* v. *Douglas*, 6 Humph. 220, and *Waterbury* v. *Netherland*, 6 Heisk. 512. The result of these decisions is, to make the failure of the widow to dissent within the time prescribed conclusive upon her, unless she has been misled, to her injury, by something that amounts to fraud in the executor, or other persons interested in the estate. In *McDaniel* v. *Douglas*, the executor himself honestly thought, and so told the widow, that the assets in his hands would be sufficient to pay debts, but the debts proved to be larger than anticipated, and threatened to absorb the realty as well as personalty; yet the court refused to allow the widow dower, although the time then prescribed by the statute within which to dissent was only six months. The decisions are conclusive on this ground of relief, the complainant in the cross-bill expressly exonerating the executor from all fraud, and there being nothing in the record to show any thing more than an unfortunate mistake on the part of both mother and son.

Is the widow entitled to the relief she seeks under the second clause of the statute? The statement of the facts made by the reporter in *McDaniel* v. *Douglas* does not disclose the nature of the provision for the widow, contained in the will, nor does the opinion of the court; but the counsel who opened the argument seems to intimate (at the bottom of page 224) that it was a legacy of personalty. As soon as the decision was made, the Legislature, then in session, passed the act of 1846, p. 214, as follows: "That from and after the passage of this act, if any person shall make his last will and testament, and therein make a provision for his wife, and it shall afterwards appear that the whole of the personal property of the testator, including the bequest so made by him for his wife, shall be taken to pay the debts of the testator, it shall and may be lawful for the wife to take dower in the lands of her said husband in the same manner as though her said husband had died intest-

ate." The second clause of section 2404 brings forward this statute, with some change of the wording, into the Code. The statute says, " make a provision for the wife," which might be either realty or personalty, or both, unless the provision is restricted to personalty by the subsequent clause, " including the bequest so made by him for his wife." The Code says expressly, " where a provision in *personal estate* is made for her." The statute is, that the widow may have dower when the " whole of the *personal* property, including the bequest," etc., shall be taken to pay debts. The Code says, when " the whole of the husband's *property*, including the bequest," is taken. The changes, it will be seen, seem material, and we have had no judicial construction either of the statute or the Code. They were probably not intended to alter the statute, by the revisers of the Code, or the eminent reviser who drafted this part of the Code ; and the changes are not for the better. The Legislature could scarcely have intended to restrict the benefits of the provision to cases where the whole estate of the husband, real and personal, is swept away by debts, for that is a rare occurrence compared with the number of cases which would be likely to occur where all the personalty and a portion of the realty would be taken. This point is, perhaps, not material in the present case, since it seems to be conceded that the whole property will be required to pay the debts created by the testator, and those incurred by his sons under the authority of the will.

The other point is, however, material. Did the Legislature intend to limit the benefit of the law to those cases where the provision for the widow is in personal estate exclusively? Or did they intend to apply it in all cases in which " a provision in personal estate " is made, even if it be coupled with a provision in realty also? Obviously, a provision in personalty alone would, in this state, be a rare occurrence compared to the number of times when it would be combined with a provision in realty. The first object of

a dying husband would naturally be to secure a home for his wife and children, as well as to provide for them by bequests of personalty. The language used is not so plainly such as to compel me to adopt the former construction. Construing the Code by the light of the statute, I am of opinion that " where a provision in personal estate " is made for the widow, whether it be exclusive or in connection with a provision in real estate also, and the " whole of the husband's property, including the bequest," is taken for the payment of the husband's debts, the widow may sue for dower.

In this view, the provision of John Morrow's will touching the business to be conducted by his sons, and the disposition of the surplus profits, having heretofore been held by me to constitute a legacy to the wife and children, the complainant would be entitled to dower if the whole of the testator's property is taken for the payment of his debts. Whether the liabilities created by the sons, in the conduct of the new business, would be debts within the meaning of the statute may admit of doubt. For this reason, and because the fact upon which the right to dower depends has not yet been fully ascertained, I will permit the complainant to amend her bill, with a view to the relief suggested, and retain the case for a rehearing.